# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**JOSEPH RYAN STREEVAL**                                                  **PLAINTIFF**

**v.**                                                               **CIVIL ACTION NO. 5:18-cv-93-MTP**

**JUSTIN GREEN, ET AL.**                                                 **DEFENDANTS**

## OPINION AND ORDER

THIS MATTER is before the Court on the Motions for Summary Judgment [31] [50] filed by Defendant Dr. James Burke. Having considered the parties submissions and the applicable law, the Court finds that the Motions [31] [50] should be granted and Plaintiff's claims against Dr. Burke should be dismissed without prejudice.

## BACKGROUND

On August 23, 2018, Plaintiff Joseph Ryan Streeval, proceeding *pro se* and *in forma pauperis*, filed his Complaint [1] pursuant to 42 U.S.C. § 1983. Plaintiff's claims arose while be was a post-conviction inmate at Wilkinson County Correctional Facility ("WCCF") in Woodville, Mississippi. According to Plaintiff, he was attacked by other inmates on April 17, 2018. Plaintiff alleges that Defendants Justin Green, Michael Turner, Bessie McKnight, Ella Scott, and Jody Bradley violated his constitutional rights by failing to provide him adequate protection from harm. Additionally, Plaintiff alleges that Dr. James Burke violated his constitutional rights by failing to provide him adequate medical care following the April 17, 2018 attack.

On April 18, 2019, Dr. Burke filed a Motion for Summary Judgment [31], arguing that Plaintiff failed to exhaust his administrative remedies prior to filing this action. Thereafter, the

Court conducted a *Spears*[1] hearing, during which Plaintiff clarified his complaint. At the hearing, the Court directed Plaintiff to file a response to the Motion for Summary Judgment [31]. *See* Omnibus Order [36]. Plaintiff filed a Response [37]. On September 20, 2019, Dr. Burke filed an additional Motion for Summary Judgment [50], arguing, *inter alia*, that Plaintiff failed to exhaust his administrative remedies.

## STANDARD FOR SUMMARY JUDGMENT

A motion for summary judgment will be granted only when "the record indicates that there is 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). The Court must view "the evidence in the light most favorable to the nonmoving party." *Id*. The nonmoving party, however, "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Center*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

## ANALYSIS

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. § 1983. "Whether a prisoner has exhausted administrative remedies is a mixed question of law and fact." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). The United States Court of Appeals for the

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Fifth Circuit held that "[s]ince exhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time, . . . judges may resolve factual disputes concerning exhaustion without the participation of a jury." *Id*. at 272.  Because exhaustion is an affirmative defense, Defendants bear the burden of demonstrating that Plaintiff failed to exhaust available administrative remedies. *Id*. at 266.

The Fifth Circuit takes "a strict approach" to the PLRA's exhaustion requirement. *Johnson v. Ford*, 261 Fed. App'x 752, 755 (5th Cir. 2008) (citing *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003)).  A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary."  *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006).  It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

Mississippi Code § 47-5-801 grants the Mississippi Department of Corrections ("MDOC") the authority to adopt an administrative review procedure at each of its correctional facilities.  Pursuant to this statutory authority, the MDOC has set up an Administrative Remedy Program ("ARP") through which an inmate may seek formal review of a complaint relating to any aspect of his incarceration. *See* MISSISSIPPI DEPARTMENT OF CORRECTIONS HANDBOOK[2] at Ch. VIII.

---

[2] *See* http://www.mdoc.ms.gov/Inmate-Info/Pages/Inmate-Handbook.aspx. (Last visited October 22, 2019).

The ARP is a two-step process.[2] An inmate is required to submit his initial grievance or request, in writing, through the Inmate Legal Assistance Program ("ILAP") within thirty days of an alleged incident. If, after screening, the grievance or request is accepted into the ARP, an official will issue a First Step Response. If the inmate is unsatisfied with the First Step Response, he may continue to the Second Step by using ARP form ARP-2. *See* MISSISSIPPI DEPARTMENT OF CORRECTIONS HANDBOOK at Ch. VIII.

In support of his Motions for Summary Judgment [31] [50], Dr. Burke submitted documents relating to Plaintiff's grievance. The record shows that on July 6, 2018, Plaintiff submitted an ARP grievance, complaining about the April 18, 2019 assault and alleging that he informed "Cap. Green, Psychologist Dunn, Capt. Scott, and Case Management January" that his life was in danger prior to the assault. *See* ARP Grievance and Response [31-1]. On July 26, 2018, the Director of the Administrative Remedy Program, R. Pennington, responded to Plaintiff's grievance. *Id*. Pennington rejected the grievance as untimely as it was filed more than thirty days after the alleged incident. *Id*. Pennington also found that Plaintiff's requested relief was beyond the power of the ARP department to grant. *Id*.

Dr. Burke argues that Plaintiff failed to properly exhaust his administrative remedies because his grievance was rejected as untimely and because he failed to give Dr. Burke fair notice of any complaint regarding medical care. As previously discussed, an inmate cannot satisfy the exhaustion requirement by filing an untimely or otherwise defective grievance. *Woodford*, 548 U.S. at 83-84. In his Response [37], Plaintiff argues that his claim against Dr. Burke should not be dismissed for failure to exhaust because, as he explained in his grievance,

---

[2] Effective September 19, 2010, the ARP was changed from a three-step process to a two-step process. *See Threadgill v. Moore*, 2011 WL 4388832, at *3 n.6 (S.D. Miss. July 25, 2011).

the untimely filing was due to an ongoing medical problem and he was "still complaining of trauma, pain and so forth from the 'alleged incident.'"

Even if Plaintiff's untimely filing were to be excused, however, his grievance did not provide notice to Dr. Burke that Plaintiff had a complaint against him concerning inadequate medical care. The Fifth Circuit has held that grievances should provide prison officials fair notice of an inmate's specific complaints and the "time and opportunity to address [the] complaints internally." *Johnson v. Johnson*, 385 F.3d 503, 516 (5th Cir. 2004). "Thus, a grievance should be considered sufficient to the extent that the grievance gives officials a fair opportunity to address the problem that will later form the basis of the lawsuit." *Id.* at 517. The degree of specificity required in a grievance is determined by each prison's own protocol. *Jones v. Bock*, 549 U.S. 199, 218 (2007).

The inmate handbook directs inmates to "present as many facts as possible to answer all the questions who, what, when, where, and how concerning the incident." *See* MISSISSIPPI DEPARTMENT OF CORRECTIONS HANDBOOK at Ch. VIII. This Court has previously held that "this portion of the ARP requires that all officials involved be named or at least referenced in description." *Holton v. Hogan*, 2018 WL 707544, at *3 (S.D. Miss. Jan. 10, 2018) (citing *Curry v. Scott*, 249 F.3d 493, 504-05 (6th Cir. 2001)).

In his grievance, Plaintiff mentioned an ongoing medical issue, but this was offered as an excuse for his untimely grievance and was not linked to deficient medical care. Plaintiff did not mention Dr. Burke or complain that he was provided inadequate medical care. Plaintiff simply did not provide prison officials fair notice of a complaint concerning medical care.

Plaintiff also argues that dismissal is inappropriate because he filed a grievance specifically concerning his medical care on September 19, 2018, less than a month after he filed

5

this action. The grievance process, however, must be completed *prior* to filing suit in federal court. The Fifth Circuit has stated as follows:

> District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint. It is irrelevant whether exhaustion is achieved during the federal proceeding. Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted.

*Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "time and opportunity to address complaints internally." *Johnson*, 385 F.3d at 517. The record establishes that Plaintiff failed to exhaust his administrative remedies prior to filing this act.

IT IS, THEREFORE, ORDERED that:

1. Defendant Dr. James Burke's Motion for Summary Judgment [31] is GRANTED.

2. Defendant Dr. James Burke's Motion for Summary Judgment [50] is GRANTED to the extent Defendant requests dismissal based on Plaintiff's failure to exhaust his administrative remedies.

3. Plaintiff's claims against Defendant Dr. James Burke are dismissed without prejudice.

4. This action will continue as to Plaintiff's claims against that Defendants Justin Green, Michael Turner, Bessie McKnight, Ella Scott, and Jody Bradley.[3]

SO ORDERED this the 22nd day of October, 2019.

                               s/Michael T. Parker
                               UNITED STATES MAGISTRATE JUDGE

---

[3] On September 27, 2019, these Defendants filed a Motion for Summary Judgment [55]. Plaintiff has not filed a response to the Motion [55], which remains pending before the Court.